**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HENRY PINCKNEY,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE ROBERT G. WILSON and SOMERSET SUPERIOR COURT,<br><br>Defendants. | Civil Action No. 24-05682 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon the Complaint and Application to Proceed *In Forma Pauperis* ("IFP") filed by Plaintiff David Henry Pinckney against Defendants Honorable Robert G. Wilson and Somerset Superior Court. (ECF Nos. 1 & 1-2.) For the reasons set forth below, and other good cause shown, Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

    The following allegations are accepted as true solely for the purpose of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

    Plaintiff, a resident of Passaic, New Jersey, has brought suit to compel the Honorable Robert G. Wilson of the Superior Court of New Jersey, Somerset County, "to make a ruling one way or the other" on a motion that Plaintiff submitted at some point. (ECF No. 1 at 4.) The motion is said to have been submitted to the "Chancery Division, Family Part." (*Id.* at 3.) Plaintiff writes that the court "is refusing to give [him] a decision," which he claims denies him "access to the

courts" in violation of "procedural due process" under the Fourteenth Amendment to the United States Constitution. (*Id.* at 2-3.)

## II. LEGAL STANDARD

### A. IFP APPLICATIONS

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### B. REVIEW PURSUANT TO 28 U.S.C. § 1915(E)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.   DISCUSSION

The Court will exercise its discretion to consider the merits of Plaintiff's Complaint prior to deciding the IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) ("Here, the Court concludes that it would be more efficient to screen [the] Complaint . . . prior to addressing [the] Motion to Proceed *In Forma Pauperis*.").

Plaintiff's Complaint must be dismissed, because the Court cannot grant the relief requested: to compel the Superior Court of New Jersey to issue a decision on Plaintiff's pending motion. It is well settled that principles of comity and federalism ensure that a federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Grand Jury Proc.*, 654 F.2d 268, 278 (3d Cir. 1981); *In re Marchisotto*, 814

F. App'x 725, 726 (3d Cir. 2020) ("[A] federal court may not issue a writ of mandamus to compel action by a state court or state official."); *In re Cannon*, 740 F. App'x 19, 20 (3d Cir. 2018) ("[F]ederal courts generally lack jurisdiction to compel action by a state court."); *see also Toutges v. McKaig*, Civ. No. 19-352, 2019 WL 5865642, at *5 (E.D. Tenn. Nov. 8, 2019) ("Federal District Courts . . . have no general power to puppeteer state court actions. Rather, Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution."); *Lathan v. Goulding*, Civ. No. 16-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018) ("Federal District Courts are not appellate courts over the state court system. We have no general power to direct state courts and their judicial officers in the performance of their duties."); *Solomon v. Baxter*, Civ. No. 05-72360, 2005 WL 1630094, at *1 (E.D. Mich. July 11, 2005) ("Plaintiff is essentially seeking a writ of mandamus in this action because he is requesting that this Court intervene in his state court proceedings to require Judge Baxter to act on his state habeas corpus complaint. It is well-settled, however, that 'federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.'" (citation omitted)).

Even if the Court could grant the relief requested, Plaintiff does not plead plausible allegations that his due process rights have been violated. Plaintiff has not alleged how long his motion has been pending in state court, the subject matter of the motion, or why such delay is unreasonable. Nor has Plaintiff alleged that the state appellate courts have refused to provide an opportunity for him to challenge any decision or lack of decision by the state trial court. Conclusory allegations of unconstitutional conduct are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

IV. **CONCLUSION & ORDER**

For the foregoing reasons, and other good cause shown,

**IT IS** on this 30th day of April, 2024, **ORDERED** as follows:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice. Any further amended complaint and renewed IFP application must be filed within thirty (30) days.

2. The Clerk of Court shall serve a copy of this Memorandum Order upon Plaintiff by regular United States mail.

3. The Clerk shall **CLOSE** this case without prejudice to it being reopened if Plaintiff files a further amended complaint within thirty (30) days.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE