UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HENRY PINCKNEY,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE ROBERT G. WILSON, et al.,<br><br>Defendants. | Civil Action No. 24-05682 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

**THIS MATTER** comes before the Court upon the Amended Complaint and Application to Proceed *In Forma Pauperis* (IFP) filed by Plaintiff David Henry Pinckney against Defendants Honorable Robert G. Wilson and Somerset Superior Court. (ECF No. 5.) For the reasons set forth below, and other good cause shown, Plaintiff's Amended Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

The following allegations are accepted as true solely for the purpose of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff, a resident of Passaic, New Jersey, sues to compel the Honorable Robert G. Wilson of the Superior Court of New Jersey, Somerset County, "to act on [a] Motion [for] Reconsideration." (ECF No. 5 at 3.) The motion is said to have been submitted to the "Chancery Division, Family Part," on March 21, 2024. (*Id.* at 1, 3.) Plaintiff writes that Judge Wilson "refuse[s] to act in any way," which Plaintiff claims constitutes a violation of the Fourteenth Amendment to the United States Constitution. (*Id.* at 2-3.)

On April 26, 2024, Plaintiff submitted his initial Complaint and IFP Application. (ECF No. 1.) On April 30, that Complaint was dismissed without prejudice for three reasons. (ECF No. 4.) *First*, the Court could not compel the Superior Court of New Jersey to issue a decision. (*Id.* at 3.) *Second*, the state appellate court would be the proper venue for Plaintiff's claim, and he did not allege that he was denied an opportunity to seek relief there. (*Id.* at 4.) *Third*, Plaintiff did not allege sufficient facts to support a claim based on a procedural due process violation. Plaintiff provided no information regarding the alleged motion's substance, timeline, or other evidence of unreasonable delay or prejudice. (*Id.* at 4.)

On June 4, 2024, Plaintiff submitted his Amended Complaint and IFP Application. The amended filing provides that the motion in question is a motion for reconsideration filed on March 21, 2024. (ECF No. 5 at 3.) Plaintiff alleges that he is a black man and that the judge who is yet to decide on his motion is a white man. (*Id.* at 2.)

## II. LEGAL STANDARD

### A. IFP APPLICATIONS

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### B. REVIEW PURSUANT TO 28 U.S.C. § 1915(E)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, before service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.  DISCUSSION

The Court will exercise its discretion to consider the merits of Plaintiff's Amended Complaint before deciding the IFP Application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) ("Here, the Court concludes that it would be more efficient to screen [the] Complaint . . . prior to addressing [the] Motion to Proceed *In Forma Pauperis*.").

Plaintiff asserts three claims: (1) a procedural due process claim under the Fourteenth Amendment, (2) an equal protection claim under the Fourteenth Amendment, and (3) a claim based on "debt slavery." The Court addresses each in turn.

Plaintiff first alleges a violation of his procedural due process rights under the Fourteenth Amendment.[1] (ECF No. 5 at 3.) Plaintiff claims that he is being denied procedural due process because there has yet to be a decision on his motion for reconsideration filed on March 21, 2024. (*Id.*) Even if properly pled, this claim must be dismissed, because the Court cannot grant the relief requested: to compel the Superior Court of New Jersey to issue a decision on Plaintiff's pending motion. Due to principles of comity and federalism, a federal court ordinarily cannot order a state court to issue a decision. *See In re Grand Jury Proc.*, 654 F.2d 268, 278 (3d Cir. 1981) ("[A federal court] ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it."); *In re Marchisotto*, 814 F. App'x 725, 726 (3d Cir. 2020) ("[A] federal

---

[1] A suit for the deprivation of constitution rights must typically be brought under 42 U.S.C. § 1983. Although Plaintiff does not invoke § 1983, the Court infers that his claims are brought under the statute based on Plaintiff's *pro se* status.

4

court may not issue a writ of mandamus to compel action by a state court or state official."); *In re Cannon*, 740 F. App'x 19, 20 (3d Cir. 2018) ("[F]ederal courts generally lack jurisdiction to compel action by a state court."); *see also Toutges v. McKaig*, Civ. No. 19-352, 2019 WL 5865642, at *5 (E.D. Tenn. Nov. 8, 2019) ("Federal District Courts . . . have no general power to puppeteer state court actions. Rather, Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution."); *Lathan v. Goulding*, Civ. No. 16-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018) ("Federal District Courts are not appellate courts over the state court system. We have no general power to direct state courts and their judicial officers in the performance of their duties."); *Solomon v. Baxter*, Civ. No. 05-72360, 2005 WL 1630094, at *1 (E.D. Mich. July 11, 2005) ("Plaintiff is essentially seeking a writ of mandamus in this action because he is requesting that this Court intervene in his state court proceedings to require Judge Baxter to act on his state habeas corpus complaint. It is well-settled, however, that 'federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.'" (citation omitted)).

In addition, Plaintiff has still not alleged sufficient facts to constitute a procedural due process violation. Due process prohibits depriving individuals of their property without a hearing "granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Without more than what is alleged, the Court sees no basis to infer that a three-month period to decide a motion for reconsideration gives rise to a procedural due process claim. Indeed, it has been held that "delay alone does not create a procedural due process violation." *Midnight Sessions, Ltd. v. Philadelphia*, 945 F.2d 667, 682 (3d. Cir. 1991). And Plaintiff provides no other facts to suggest that he is being deprived of a meaningful hearing. Plaintiff does not allege, for

example, that he has been denied an opportunity to seek relief from an appellate state court in New Jersey.

Plaintiff next alleges a violation of equal protection under the Fourteenth Amendment. He alleges that "[a] 'white' judge is denying a black man . . . procedural due process." (ECF No. 5 at 2.) Equal protection prohibits government actors from intentionally discriminating against members of a particular race. *See Washington v. Davis*, 426 U.S. 229, 241 (1976). Conclusory allegations of discriminatory conduct, however, are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *431 E Palisade Ave. Real Estate LLC v. City of Englewood*, Civ. No. 19-14515, 2023 WL 6121195, at *7 (D.N.J. Sept. 19, 2023) ("Plaintiffs' failure to allege discriminatory intent is fatal to their equal protection claim.").

Plaintiff does not allege facts supporting such a claim, beyond stating his race and that of the judge. Therefore, Plaintiff's equal protection claim is dismissed for failure to state a claim.

Finally, Plaintiff alleges that he is being subjected to "debt slavery." (ECF No. 5 at 4.) Plaintiff asserts that he "is compelled through repeated incarceration, to be a surety for a debt." (*Id.*) But Plaintiff provides no facts to substantiate this conclusory allegation. For example, Plaintiff does not explain why he is incarcerated or two whom he is indebted. *See Rogers v. Morrice*, Civ. No. 12-7910, 2013 WL 5674349, at *2 (D.N.J. Oct. 16, 2013) (dismissing an unsupported claim of debt slavery). Therefore, Plaintiff's claim of debt slavery must also be dismissed.

Having previously given Plaintiff an opportunity to amend his complaint (*see* ECF No. 4), the Court finds good cause to dismiss Plaintiff's complaint with prejudice.

## IV. CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

IT IS on this 28th day of June 2024 **ORDERED** as follows:

1. Plaintiff's Amended Complaint (ECF No. 5) is **DISMISSED** with prejudice.

2. The Clerk of Court shall serve a copy of this Memorandum Order upon Plaintiff by regular United States mail.

3. The Clerk shall **CLOSE** this case with prejudice.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

7